IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MATTHEW PAUL
MARKOVICH,

                    Plaintiff,

          v.                         CASE NO.  10-3097-SAC

CORRECT CARE
SOLUTIONS, et al.,

                    Defendants.

                    O R D E R

     This civil rights complaint, 42 U.S.C. § 1983, was filed by
an inmate of the Larned Correctional Mental Health Facility,
Larned, Kansas (LCMHF).  Plaintiff names as defendants "Correct
Care Solutions" and Tonya Taylor, mental health counselor at the
LCMHF.  As the factual basis for his complaint, Mr. Markovich
alleges the following.  He has a "condition called social-phobia",
and his previous doctor prescribed Paxil and Clonopin for this
condition.  "KCOC and CCS will not allow" him to have Clonopin
because it is a narcotic; and without proper medication, he has
severe anxiety and panic attacks when interacting with others.
"KDOC entered" him into a "substance program" that involves high
levels of social interaction, and he has suffered several anxiety,
panic attacks, nightmares, vomiting, high blood pressure, and
migraine headaches.  He met with the facility psychiatrist and
psychologist and defendant Taylor several times, and "it was
decided by them" that he should remain in the program despite his
"severe mental illness" and lack of previously prescribed
medications.  He was placed in segregation for a mental evaluation,
has continued to have symptoms due to "lack of treatment from CCS

and Tanya Taylor", was re-entered into the program, which he was unable to complete "due to deliberate indifference from" CCS and Taylor. He has also lost good time, privileges and incentive level.

As Count I, plaintiff claims his Eighth Amendment right against cruel and unusual punishment is being violated in that he is being refused "proper mental health care." In support, he alelges that Tonya Taylor "and other CCS employees" know of his mental health conditions and yet refuse to provide him with the medicine prescribed by his doctor and the "proper mental health care" required to maintain his sanity.

As Count II, plaintiff claims his equal protection rights under the Fourteenth Amendment are being violated. In support he alleges that "Tonya Taylor and other CCS staff" provide "proper mental health care and medications to all other inmates at LCMHF" but refuse to provide him with the care and medications he needs.

Plaintiff seeks "proper medications and mental health care" and $950,000 for pain and suffering.

The court takes judicial notice of <u>Markovich v. KDOC</u>, Case No. 10-3053-SAC, which was filed and then voluntarily dismissed by plaintiff on May 12, 2010. In that case, plaintiff complained based upon the same general factual scenario, but sought different relief.


**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2). He is again reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district

court filing fee of $350.00 for each civil action filed by him. 28 U.S.C. § 1915(b)(1)[1]. The granting of leave merely entitles him to pay the filing fee over time with periodic payments automatically deducted from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). As plaintiff was informed in his prior action, 28 U.S.C. § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $129.02, and the average monthly balance is $ 103.34. The court therefore assesses an initial partial filing fee of $ 25.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Markovich is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant

---

[1]    Plaintiff provides no explanation as to why he voluntarily dismissed his prior action, and has chosen to proceed by filing this separate civil action. He is forewarned that he could be assessed a full filing fee for each civil action filed by him.

immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

Plaintiff was informed in his prior case that under 42 U.S.C. § 1997e he is required to fully and properly exhaust prison administrative remedies on his claims prior to filing an action in federal court. Like in his prior case, it appears from the face of this complaint that plaintiff has not properly exhausted his administrative remedies. Plaintiff responds to questions on the form complaint that he sought administrative relief, but the facts he alleges suggest that he has not sought the relief he requests in this complaint. Mr. Markovich states that he "filed an emergency grievance to all levels asking to be excused" from the CDRP program due to his mental illness, which was denied; and that he wrote to the Secretary of Corrections "offering to settle (his) previous suit", but has received no response. In this lawsuit, plaintiff seeks proper medications specifically naming Clonopin, "proper" mental health care, and money damages. He does not show that he filed an inmate grievance at each level asking that he be provided with certain or proper medication, or complaining that he is not receiving proper mental health care. Thus, plaintiff is required to show that he has properly and fully exhausted administrative remedies by following the established KDOC procedures for filing and appealing inmate grievances to obtain the relief he is seeking in this complaint.

The court also finds, as it did in plaintiff's prior action, that his claims of deliberate indifference and cruel and unusual punishment are not supported by sufficient facts. Again,

4

plaintiff's own allegations indicate he has been seen by mental health care professionals at the LCMHF and that they have exercised their professional judgment and made decisions regarding his mental health and the necessary treatment. His own allegations also indicate that he has been prescribed medications for his symptoms, such as high blood pressure. As plaintiff was advised in the prior action, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan.Dept. of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

Plaintiff's claim of denial of equal protection is likewise not supported by sufficient facts. Equal protection is essentially a direction that all persons similarly situated should be treated alike. Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir.), cert. denied, 549 U.S. 1059 (2006). Plaintiff's allegations, that all inmates than him are receiving adequate medical treatment, are completely conclusory and do not establish the essential elements of such a claim. See Rider v. Werholtz, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996)). He fails to allege any facts suggesting that he is a member of a suspect classification, or that he is being treated differently from other similarly-situated prisoners[2]. See Fogle,

---

[2]      Because of the wide discretion afforded to prison officials and the many relevant factors these officials may consider when dealing with inmates, an inmate who is not part of a suspect class faces a difficult task to state an equal protection claim. Fogle, 435 F.3d at 1261. First, there is a presumption in favor of validity of prison officials' disparate treatment. Hill v. Pugh, 75 Fed. Appx. 715, 720 (10th Cir. 2003). Second, the requirement to show that an inmate is "similarly situated" to other inmates is "arduous, if not impossible." See Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir.1994)("it is 'clearly baseless' to claim that there are other inmates who are similar in every relevant respect."); see also Fogle, 435 F.3d at 1261 (quoting Templeman, 16 F.3d at 371 in affirming dismissal of an equal protection claim).

435 F.3d at 1261; <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1312 (10th Cir. 1998).  He does not name any inmate at the LCMHF that has the same or a similar condition and is receiving better or different treatment, or that was also previously prescribed Clonopin and is being provided that medication at the LMHCF.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to exhaust administrative remedies and for failure to state facts sufficient to show a federal constitutional violation.  If he does not file a satisfactory response within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 25.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required by federal law may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty (20) day period, plaintiff must show cause why this action should not be dismissed for failure to show full and proper exhaustion of administrative remedies on the claims raised in the complaint, and for failure allege sufficient facts to support a claim of federal constitutional violation.

**IT IS SO ORDERED.**

Dated this 13th day of May, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge