IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW PAUL
MARKOVICH,

      **Plaintiff,**

    v.          CASE NO. 10-3097-SAC

CORRECT CARE
SOLUTIONS, et al.,

      **Defendants.**

### O R D E R

Upon screening the complaint filed herein, the court entered an order requiring plaintiff to show cause why this action should not be dismissed for failure to show full and proper exhaustion of administrative remedies on the specific claims raised in his complaint,[1] as well as for failure to allege sufficient facts to support a claim of federal constitutional violation. Plaintiff was also assessed and given time to submit an initial partial filing fee of $25.50 based upon the transactions in his inmate account over the six-month period preceding the filing of his complaint.

Plaintiff has filed an objection not only to the court's assessment of an initial partial filing fee of $25.50 but also its assessment of the remainder of the full filing fee to be paid in installments from his inmate account. In support of his objections, he alleges that the balance on which the court based

---

   [1]  Plaintiff's claims are that he has been denied previously prescribed medication and proper treatment for his mental health condition.

its assessment is money he received from his mother to allow him to make phone calls and obtain hygiene materials and commissary items to "make his stay in prison easier;" and was not intended to pay court fees. He further alleges that he is currently bankrupt and has nothing of value. He states that he cannot afford the filing fee "without sacrificing communications with his mother and his general health and well being."

These statements are simply not sufficient to excuse Mr. Markovich's obligation to pay the fee for filing and pursuing a civil complaint in federal court. Under the 1996 Prison Litigation Reform Act ("PLRA"), indigent prisoners "need not pay federal court filing fees in full prior to initiating litigation," but ultimately all are "required to pay the full amount of a filing fee." Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003)(citing 28 U.S.C. § 1915(b)(1)). As the Tenth Circuit Court of Appeals explained:

> [P]rior to 1996, 28 U.S.C. § 1915(a) allowed any person without means to commence a lawsuit without prepaying the requisite filing fees. See In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997). However, "[i]n enacting the [Prison Litigation Reform Act] in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." Id. (quotations marks, alteration, and citations omitted).

Baker v. Suthers, 9 Fed.Appx. 947, 949 (10th Cir. 2001). The revised federal law expressly provides that the "court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee." 28 U.S.C. § 1915(b)(1)(emphasis added). Thus, as plaintiff was previously

informed in this and a prior action, this court is required by federal statute to assess the full filing fee and an initial partial filing fee, if funds are available, in each civil action filed by an inmate seeking leave to proceed without prepayment of fees.[2]

An inmate litigant may object to the court's assessment of a partial filing fee by showing error in the court's calculation, or additional facts indicating an actual inability to pay a partial fee in advance. However, it is clear from the statute and controlling legal authority that Mr. Markovich has not made a valid objection. He is simply incorrect that gifts of money he has received in his inmate account are not subject to 28 U.S.C. § 1915 and may be exempted by him or the sender for personal amenities.[3] Prison inmates, like all other federal court litigants, must decide whether or not they would rather spend their money on court fees or on some other amenities. As the Tenth Circuit reasoned in Cosby:

> While the 1996 Prison Litigation Reform Act is

---

[2] Plaintiff voluntarily dismissed a prior civil action filed by him based upon similar facts, and this court denied his motion to proceed in forma pauperis as moot, rather than assess a fee. Markovich v. KDOC, Case No. 10-3053-SAC (D.Kan. May 12, 2010). However, plaintiff has not voluntarily dismissed this case and his motion to proceed in forma pauperis is ripe for decision.

[3] The Tenth Circuit "interpret(ed) the word 'income' in (§ 1915(b)(2)) to include all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise." Cosby, 351 F.3d at 1326-27 (citing see Lukhard v. Reed, 481 U.S. 368, 375 (1987)("[G]eneral and legal sources . . . commonly define 'income' to mean 'any money that comes in[.]'")). They reasoned that ". . . given Congress's declaration that 'the prisoner shall be required to pay the full amount of a filing fee,' we would expect it to proceed as any creditor and look to all deposits to the prisoner's account as potential sources for the payment." Id. They expressed doubt that "Congress would have expected prison officials to investigate whether a deposit to an inmate account was a gift from a parent, book royalties, or deferred payments on a narcotics transaction." Id. at 1327 (citing see Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998)("income" in § 1915(b)(2) refers to all deposits to prisoner's account.).

> intended to cut down on frivolous lawsuits by
> requiring prisoners to pay filing fees, we
> recognize the Act does not prohibit a prisoner
> from bringing a civil action or appealing a civil
> judgment when he has no assets or means to pay an
> initial partial filing fee. See 28 U.S.C. §
> 1915(b)(4)(emphasis added); Walp v. Scott, 115
> F.3d 308, 310 (5th Cir. 1997). However, we are
> also cognizant that when a prisoner has the means
> to pay an initial partial filing fee and instead
> spends his money on amenities at the prison
> canteen or commissary, he should not be excused
> for failing to pay the initial partial filing fee.
> Thus, where a prisoner has the means to pay,
> failure to pay the initial partial filing fee
> required by § 1915(b)(1) may result in dismissal
> of a prisoners's § 1983 action. See In re Smith,
> 114 F.3d at 1251 (D.C. Cir. 1997); Robbins v.
> Switzer, 104 F.3d 895, 898 (7th Cir. 1997).

Cosby, 351 F.3d at 1327; see also Baker, 9 Fed.Appx. at 950 ("[T]he purpose of the Prison Litigation Reform Act is not to deny a prisoner access to the courts, but to require the prisoner to consider whether the merits of his claim are worth the cost of bringing the action, vis-à-vis payment of an initial partial filing fee when he has the means to pay it. We have said "proceeding in forma pauperis in a civil case is a privilege, not a right-fundamental or otherwise.")(citing White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999)).

The court could give plaintiff another opportunity to show a legitimate or acceptable cause for not paying the initial partial filing fee (Baker v. Suthers, at 950) assessed in this case. However, because the court also finds that this action must be dismissed upon screening for another reason, it instead assesses the full fee to be collected through payments deducted from

plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b)(2).[4]  In accord with § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee for this case of $350.00 has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

 Having reviewed plaintiff's Response to the court's prior Order, together with all materials in the file, the court finds that Mr. Markovich has failed to show that he properly and fully exhausted all available administrative remedies prior to filing this action.  As the court noted in its prior Order, plaintiff sought administrative relief by filing "an emergency grievance" asking to be excused from the CDRP program due to his mental illness.  His own exhibit of that grievance shows he did not seek the relief requested in this complaint.  Plaintiff's exhibit also shows that Mr. Markovich's emergency grievance was denied by the

---

[4]   Section 1915(b)(2) pertinently provides:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

5

Warden for the very reason that it was improperly filed as an emergency grievance, which is for use in certain limited circumstances only. The court concludes that plaintiff's own allegations and exhibits show he has not proceeded in an orderly fashion to file a proper inmate grievance at each administrative level asking that he be provided with certain or proper medication, and proper mental health care. The court concludes that this action must be dismissed for the reason that Mr. Markovich has failed to follow the well-established Kansas Department of Corrections administrative procedures for filing and appealing inmate grievances to obtain the particular relief he seeks in this complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for leave to proceed without prepayment of fees (Doc. 2) is granted, his objections to the assessment of fees herein are denied, and he is assessed the full filing fee for this action of $350.00 to be collected through payments automatically deducted from his inmate account.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, on account of plaintiff's failure to show proper and full exhaustion of administrative remedies.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2010, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge