IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW PAUL
MARKOVICH,

                 Plaintiff,

          v.                 CASE NO. 10-3097-SAC

CORRECT CARE
SOLUTIONS,
et al.,

                 Defendants.

**O R D E R**

This civil complaint filed by a Kansas prison inmate was dismissed, without prejudice, by Order entered July 8, 2010. The reason for the dismissal was plaintiff's failure to show exhaustion of administrative remedies. The matter is now before the court upon plaintiff's Motion to Reopen Case (Doc. 23), plaintiff's Request for Order for Records (Doc. 25), and plaintiff's Motion for Alteration of Previous Order (Doc. 26).[1] Having considered these motions together with the case file, the court finds as follows.

In plaintiff's Motion to Reopen Case, he alleges that he "believes" he "has now exhausted his available administrative remedies." He attaches exhibits, which he claims show full and proper exhaustion. He argues that he has "provided KDOC officials ample opportunities to correct the issues."

The Tenth Circuit Court of Appeals has discussed "self-styled" motions to reconsider as follows:

---

[1] Plaintiff also filed a Motion to Amend (Doc. 24); however, he withdraws this motion and asks the court to disregard it (Doc. 27). For this reason, plaintiff's Motion to Amend is denied.

> A motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within (28)[2] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than (28) days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).

Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).[3]  Plaintiff's motion was filed on January 26, 2011, which was more than 28 days after judgment was entered in this case.  Accordingly, it is treated as a motion for relief from judgment under Fed.R.Civ.P. Rule 60(b).  Weitz v. Lovelace Health System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).

Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances."  Allender v. Rayatheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)(quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)(quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)); Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000); Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000); Van Skiver v. U.S., 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992)(citing Bud Brooks Trucking, 909 F.2d at 1440).  A

---

[2]   Fed.R.Civ.P. Rule 59(e) was amended, effective December 1, 2009, to allow twenty-eight days after the entry of judgment for the filing of a motion to alter or amend judgment.

[3]   The Tenth Circuit further explained:

> The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not. Id. Thus, "an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment." Id. (citing multiple cases).

Id. at *2.

Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the plaintiff's original filings, or as a substitute for appeal. Servants, 204 F.3d at 1012; Cashner, 98 F.3d at 576-77; Wilkins v. Packerware Corp., 238 FRD 256, 263 (D.Kan. 2006), aff'd 260 Fed.Appx. 98 (10th Cir. 2008)(citing Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996)). The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. Van Skiver, 952 F.2d at 1243-44. "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[4] Id. at 1244; Cashner, 98 F.3d at 576-77.

Mr. Markovich does not specify any ground from Rule 60(b) in his motion to reopen. The court finds no basis to liberally construe the allegations in his motion as presenting grounds for relief under subsections (3), (4), or (5). Movant does not allege facts showing an intervening change in the law. Nor does he show that reason exists to void the judgment, or that he has evidence of fraud or other misconduct by a party.

The motion might be liberally read as asserting under Rule 60(b)(1) that the court was mistaken in finding that plaintiff had

---

[4] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60 (b).

not exhausted administrative remedies. However, in support of this assertion, plaintiff re-argues that his emergency grievance to the Secretary of Corrections constituted exhaustion. He cannot establish that he is entitled to post-judgment relief by rehashing this argument, which was already presented to and rejected by the court.[5]

The motion might also be read as asserting under Rule 60(b)(2) that Mr. Markovich has some new evidence of exhaustion. However, the court finds that the exhibits relied upon by plaintiff do not establish either that the court was mistaken in its ruling or that plaintiff is entitled to post-judgment relief under subsection (2). Plaintiff's exhibits A and B of a "Special Problem Grievance"[6] sent by him to the Secretary of Corrections, just like his emergency grievance, do not show that Mr. Markovich "followed the established KDOC procedures for filing and appealing inmate grievances to obtain the relief" he sought in the complaint, or that he "filed an inmate grievance at each level asking that he be provided with certain or proper medication, or complaining that he is not receiving proper mental health care." As Mr. Markovich was informed, in order to exhaust, the inmate must properly complete all steps of the normal prison grievance procedure. The court previously explained to Mr.

---

[5] The Tenth Circuit also specifically rejected this argument on appeal, noting that prison officials found Mr. Markovich's grievance presented as an emergency did not qualify as one and thus did not serve to satisfy the exhaustion prerequisite.

[6] KS ADC § 44-15-201 describes special circumstances under which an inmate may forego the normal grievance procedure, and present his problem to the attention of a higher authority. Plaintiff does not allege nor does his grievance reflect that special circumstances existed to allow him to utilize this special process. Nor does he show that his special grievance was accepted as such. Section 44-15-201 provides that any department of corrections official who receives an inappropriate complaint under this provision may return it to the inmate and require him to use the normal grievance process. Plaintiff alleges that his special grievance was returned unanswered.

Markovich that his attempts to bypass the normal procedures were not sufficient to show the proper and full exhaustion mandated by 42 U.S.C. § 1997e. Furthermore, plaintiff's special grievance, which was mailed in October 2010, fails to show that Mr. Markovich fully exhausted his administrative remedies prior to filing this lawsuit as required by § 1997e. Plaintiff's Exhibit C is correspondence from a Classification Manager that references a letter written by Mr. Markovick to the Secretary of Corrections. This correspondence is not evidence that Mr. Markovich sought administrative relief by properly utilizing all steps of the established prison grievance procedure. The court also finds that plaintiff's conclusory statement that he has provided "KDOC officials ample opportunities" is not evidence of exhaustion. In any event, if plaintiff had evidence of exhaustion that could have been presented before this case was closed, but was not, he may not rely upon it now as grounds for relief under Rule 60(b). In addition, allegations made by plaintiff in another case that he received threats for using the grievance procedure and that "KDOC" was in "substantial noncompliance" with its grievance procedure do nothing to establish that administrative remedies were unavailable or actually impeded as to his claims in this case. The court concludes that plaintiff's allegations and exhibits do not establish that the court erred in holding that plaintiff failed to exhaust his administrative remedies prior to filing the complaint in this case. Nor do they establish that plaintiff has new credible evidence of exhaustion that, with reasonable diligence, could not have been discovered in time to move for a new trial.

    The court also finds that plaintiff states no facts to support

a claim for relief under the catchall subsection of Rule 60(b)(6). The Supreme Court has held that "a movant seeking relief under Rule 60(b)(6) . . . [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)(citation omitted).  Mr. Markovich has failed to identify any "extraordinary circumstances" that warrant relief under Rule 60(b)(6).  In sum, plaintiff has alleged no facts showing that he is entitled to have this case re-opened or to any other post-judgment relief from the judgment of dismissal.

In plaintiff's Request for Order for Records, the court is asked to order "defendants" to "deliver a copy of his Mental Health Records to him."  This motion contains no factual or legal basis showing that plaintiff is entitled to the requested relief.  The court denies this motion as inappropriately filed in a closed case and because no basis whatsoever is stated for the motion.

Plaintiff's Motion for Alteration of Previous Order is at least his third attempt to urge this court to alter its prior orders assessing court filing fees against him.  In this motion, he asks the court to terminate the automatic deductions of monthly payments from his inmate account for filing fee obligations that he incurred by filing three civil actions in federal court and an appeal.  In support, he alleges that he will soon be admitted into a work release program and will need his incoming funds after he has paid room and board, restitution, and for any necessary medical care, in order to "save for trade tools, housing, transportation, and other necessities."  Plaintiff alternatively asks the court to order that the court fees, which he alleges are now taken before all other deductions, be taken "only after all other deductions have been

taken."

As plaintiff has been plainly advised more than once, he became financially obligated under federal law, 28 U.S.C. § 1915(b)(1), to pay the statutory filing fees in full upon his filing of each federal complaint and appeal. This court does not have authority to terminate the remainder of his statutory fee obligations based merely upon his bald statements that he anticipates additional expenses once he is in a work release program.[7] Mr. Markovich presents no legal authority or argument for this court to find that he is entitled to the blanket alternative orders that he seeks.[8] Nor does he allege facts[9] to convince the court that it has the authority to order that the fees assessed against him be collected other than as provided in 28 U.S.C. § 1915(b)(2), or to order that fee payments for court filing fees be collected from plaintiff's inmate account only after any other unrelated deductions not ordered by this court. In short, plaintiff presents neither legal authority

---

[7] The court notes the following remarks by the Tenth Circuit in Christensen v. Big Horn County Bd. of County Com', 374 Fed.Appx. 821, 830 n. 7 (10th Cir. 2010)(unpublished and thus not cited as precedent):

> [S]everal circuits have held that once a prisoner is released, any § 1915 partial payment obligations cease altogether (several circuits disagree). See Carson v. Tulsa Police Dep't, 266 Fed.Appx. 763, 766 (10th Cir. 2008)(noting circuit split and declining to take a side, as issue was moot under the circumstances).

Id.

[8] For example, plaintiff does not discuss regulations or guidelines regarding income that might be earned by him in a work release program and reveal what expenses might be deductible from those earnings. Such deductions might conceivably include victim restitution, and court costs, as well as housing and medical expenses.

[9] For example, plaintiff has not provided a detailed itemized statement of non-discretionary expenses actually incurred for a particular month together with an itemization of the income to his prison account for that month, and based upon this detailed information argued that he is unable to pay more than a given amount toward his court fees for a certain month. Cf. Cosby v. Meadors, 351 F.3d 1324 (10th Cir. 2003).

7

nor sufficient factual basis for this motion. As he has been informed, he is not entitled to challenge the assessment of monthly payments for filing fee obligations based upon discretionary purchases made by him. The court concludes that plaintiff has presented no reason for this court to alter its prior Orders regarding his payments of court fees.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Reopen this action is treated as a Motion under Fed.R.Civ.P. Rule 60(b) and is denied.

**IT IS FURTHER ORDERED** that plaintiff's Request for Order for Records (Doc. 25) and Motion for Alteration of Previous Order (Doc. 26) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Withdraw Motion to Amend (Doc. 27) is granted, and his Motion to Amend (Doc. 24) is denied as a result.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

8